**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2226-16T3

RAFAEL T. FERNANDEZ,

    Plaintiff-Appellant,

      v.

REINE DUARTE, SILVIA
E. FERNANDEZ, TRINOLOGIC,
LLC, a Florida limited liability
company, and SOLVIANO LIMITED
LIABILITY COMPANY, a New
Jersey limited liability company,

    Defendants-Respondents.

_____

        Submitted September 21, 2018 – Decided October 16, 2018

        Before Judges Simonelli, O'Connor and DeAlmeida.

        On appeal from Superior Court of New Jersey, Chancery Division, General Equity Part, Hudson County, Docket No. C-000032-15.

        Rafael T. Fernandez, appellant pro se (Barry D. Friedman, on the brief).

        Batya G. Wernick, attorney for respondents.

PER CURIAM

Plaintiff Rafael T. Fernandez appeals from a November 14, 2016 final judgment of the Chancery Division, General Equity Part, entered in favor of defendants Reine Duarte, Silvia E. Fernandez (Silvia),[1] Trinologic, LLC (Trinologic), and Solviano Limited Liability Company (Solviano). We affirm.

In this matter, plaintiff owned two condominiums and, while recovering from three heart attacks, transferred one condominium to Trinologic and the other to Solviano. The sole members of Trinologic are Duarte and his son, Brandon Fernandez; the only member of Solviano is Duarte. Duarte was at one time married to Silvia, who is plaintiff's sister. Brandon Fernandez is Duarte's and Silvia's son and plaintiff's nephew.

In his complaint, plaintiff contends he was in a weakened state both physically and psychologically in the months following his heart attack. Upon his discharge from the hospital, he lived in Silvia's and Durate's home for approximately two months, where both cared for plaintiff "24/7."[2] Plaintiff's principal claim is that, while still frail and vulnerable, Duarte and Silvia

_____

[1] To distinguish her from plaintiff, who shares the same surname as he does, we refer to her by her first name. We do not intend any disrespect by such informality.

[2] Although divorced, Silvia and Duarte rekindled their relationship and began to cohabitate within days of plaintiff's discharge from the hospital.

exerted undue influence over him and induced him to transfer ownership of one condominium to Trinologic and the other to Solviano. Plaintiff seeks to set aside both transfers and to recover compensatory and punitive damages, as well as counsel fees.

Following a bench trial, Judge Barry P. Sarkisian issued a comprehensive written opinion, in which he rejected all of plaintiff's claims. On appeal, plaintiff claims the judge's factual and legal decisions are flawed. Plaintiff's principal contentions are the trial judge: (1) made findings of fact that are not supported by the evidence; (2) failed to find plaintiff was dependent upon Duarte and Silvia at the time he transferred the subject condominiums; (3) failed to find plaintiff had a confidential relationship with Duarte and Silvia; and (4) failed to apply the correct law.

In reviewing Judge Sarkisian's decision, we do not write on a clean slate. We are bound by his factual findings so long as they are supported by sufficient credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). Such findings made by a judge in a bench trial "should not be disturbed unless they are so wholly insupportable as to result in a denial of justice." Id. at 483-84. Factual findings that "are substantially influenced by [the judge's] opportunity to hear and see the witnesses and to

have the 'feel' of the case" enjoy deference on appeal. <u>State v. Johnson</u>, 42 N.J. 146, 161 (1964). However, legal conclusions are reviewed de novo, although viewed through the lens of a trial judge's factual determinations. <u>See Manalapan Realty, LP v. Manalapan Twp. Comm.</u>, 140 N.J. 366, 378 (1995).

We have considered plaintiff's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). We affirm substantially for the reasons Judge Sarkisian expressed in his cogent opinion. We are satisfied the record amply supports the judge's factual and credibility findings, dispelling plaintiff's claim he was either mentally incapacitated or the victim of under influence at the time of the property transfers.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2226-16T3